UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, | ) C/A No.: 2:12-714-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| State of South Carolina, | ) |
| Defendant(s). | ) |

Plaintiff Darell L.Goss, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983 seeking declaratory relief and damages.[1] Plaintiff is a state prisoner incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

According to the Complaint, Plaintiff filed an application for post-conviction relief (PCR) in Charleston County in May 2011. Plaintiff alleges he asked to proceed *pro se* in the PCR matter, even though he had been provided with court-appointed counsel. Plaintiff

---

[1] Plaintiff, who is seeking declaratory relief and damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983. Plaintiff also raises issues pertaining to rulings made in his state court post-conviction relief proceeding, however, a challenge of this sort may only be brought in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his administrative remedies.

states his request to proceed on his own behalf was denied by the presiding judge. Plaintiff maintains he lost meritorious claims, was not fully heard, and received an "unlawful conviction[,] which constituted great mental anguish," as a result of the judge's decision. Plaintiff further claims the ruling denied him due process of law. He also claims his "state law right to self-representation" was abridged. Plaintiff alleges that the State of South Carolina is liable to him because its employee, the presiding judge over his PCR action, while acting within the scope of her official duty, subjected him to mental anguish, through her gross negligence, which proximately caused his loss. He asks the court to issue a declaratory judgment that the defendant violated his U.S. Constitutional rights and state law when he was denied the opportunity to be fully heard, and was not allowed to represent himself. He also seeks $1,000,000.00 in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The sole defendant, the State of South Carolina, is not amenable to suit in this action. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[2] See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect

---

2

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Authority, et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purpose of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived it's immunity[3] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would

---

Foreign State."

[3] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

specifically override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person' may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state.

Furthermore, the state court judge who presided over Plaintiff's PCR action - even though she has not been named as a defendant in this action - would also not be amenable to suit. Judges have absolute judicial immunity from claims for damages arising out of any judicial action. See *Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

In any event, Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* at 486–87.

Plaintiff's complaint seeks monetary damages based on a ruling issued during his PCR hearing. *Heck* holds that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, a civil rights action seeking damages is not cognizable under § 1983. Plaintiff does not allege that his conviction has been invalidated, and therefore his § 1983 action is barred at this time by the holding in *Heck*. The Supreme Court has also held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489–90. Thus, the limitations period for a § 1983 action based on an unconstitutional conviction or sentence, as alleged by Plaintiff, will not begin to run until the cause of action accrues, i.e., until the conviction is set aside. Thus, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Furthermore, if the District Court dismisses all of the claims over which it had original jurisdiction, it is recommended that this court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995) (stating "[w]henever the basis for federal jurisdiction evaporates, Congress has provided for discretion").

s/Bruce H. Hendricks<br>
United States Magistrate Judge

April 3, 2012
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).