IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2012 APR 24 P 2:09

| | |
|---|---|
| Darrell L. Goss, ) | Civil Action No.: 2:12-714-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking declaratory relief and damages. Plaintiff is a state prisoner incarcerated at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On April 3, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed based on its failure to state a claim on which relief may be granted. (Dkt. No. 8). The Magistrate Judge instructed Plaintiff of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 8). Notwithstanding these instructions, Plaintiff did not file any objections to the Report and Recommendation. As explained herein, the Court agrees with and wholly adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

1

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his Complaint, Plaintiff alleges that he was denied certain constitutional rights at a post-conviction relief hearing in May of 2011 in the Charleston County Court of Common Pleas. (Dkt. No. 1). Plaintiff alleges that he lost meritorious claims and received an "unlawful conviction" as the result of the denial of constitutional rights. (*Id.*). Plaintiff brings the action pursuant to 42 U.S.C. § 1983 and requests damages in the amount of $1,000,000. (*Id.*). As explained in the Magistrate Judge's Report and Recommendation, Plaintiff's claims are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus,

2

when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Thus, Plaintiff must take the appropriate steps to have his conviction overturned or invalidated before seeking relief pursuant to § 1983 based on the allegedly unlawful conviction. Further, Plaintiff has named only the State of South Carolina as a defendant in this action. As explained in the Report and Recommendation, the Supreme Court has specifically held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 24, 2012
Charleston, South Carolina

---

[1] To the extent Plaintiff alleges state law claims, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

3